IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   NO. 6:13-CR-110 |
| | §   (Judge Davis) |
| SCOTT MARTIN | § |

## INFORMATION

The United States Attorney Charges:

### COUNT ONE

VIOLATION: 18 U.S.C. § 1341
(Mail Fraud)

At all times relevant to this Information:

### INTRODUCTION

1. Reinhart Foodservice Louisiana, L.L.C. (Reinhart) is a food service distribution company which, together with its affiliates, operates throughout the United States. A primary focus of Reinhart's business is to distribute food and food service supplies to locally owned individual restaurants and restaurant chains.

2. **SCOTT MARTIN (MARTIN)**, defendant, from approximately June 4, 2007, until approximately September 8, 2012, was employed by Reinhart as a Sales Consultant in East Texas.

## THE SCHEME

3. Beginning in or about early 2012, and continuing until on or about September 8, 2012, **MARTIN,** devised and intended to devise a scheme to defraud Reinhart, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises in the approximate amount of $86,991.10.

## MANNER AND MEANS

4. It was part of the scheme that **MARTIN** embezzled approximately $86,991.10 from Reinhart. The embezzlement by **MARTIN** from Reinhart was accomplished by **MARTIN** by his collecting from Reinhart customers on his East Texas sales route cash payments for Reinhart invoices. **MARTIN** then used a portion of the cash payment to obtain a bank check that he then mailed to the Reinhart offices in Shreveport, Louisiana in partial payment for the Reinhart invoices. **MARTIN** pocketed the remaining cash payments for his own purposes. **MARTIN** represented to Reinhart that the mailed bank check represented the entire cash payment received from a customer and that the customer would pay the remaining balance owed in the future.

5. It was further part of the scheme that defendant **MARTIN** placed in the U.S. mails, from East Texas, the bank checks, referenced above, and mailed them to Reinhart in Shreveport, Louisiana.

6. It was part of the scheme that **MARTIN** was able to conceal his embezzlement and fraud from Reinhart, in substantial part because his employment position authorized him to handle cash collections for invoices due and payable, thereby creating a mechanism he was able to exploit for his own purposes and financial benefit.

7. On or about May 5, 2012, in the Eastern District of Texas, and elsewhere, **MARTIN**, defendant, having devised the scheme and artifice to defraud set forth above, did knowingly and for the purpose of executing and attempting to execute such scheme and artifice to defraud caused to have placed in an authorized depository for mail and caused to be delivered by the U.S. Postal Service, according to the direction thereon, an envelope addressed to a location in Shreveport, Louisiana, a cashier's check numbered 127194 from Citizens State Bank in the approximate amount of $4,902.00, as partial payment for Reinhart invoices:

| Invoice # | Date | Customer |
|---|---|---|
| 632255 | 04/25/12 | Pops Honey FR/CH/7 Point, 218 N 7 Points Blvd, Seven Points, Texas |
| 639542 | 05/09/12 | Pops Cafeteria, 816 West Main Street, Gun Barrel City, Texas |
| 623661 | 04/09/12 | Pops, 22005 Hwy 155 S, Flint, Texas |
| 624948 | 04/11/12 | Pops, 22005 Hwy 155 S, Flint, Texas |
| 632261 | 04/25/12 | Pops Honey FR Chic/Chandler, 344 Hwy 31 E, Chandler, Texas |
| 628410 | 04/18/12 | Pops Honey Fri/Chic(new), 802 N Main, Lindale, Texas |
| 629882 | 04/20/12 | Pops Honey Fri/Chic(new), 802 N Main, Lindale, Texas |

All in violation of 18 U.S.C. § 1341.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 Fax
frank.coan@usdoj.gov

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will seek a forfeiture money judgment against the defendant in the amount of $86,991.10.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 6:13-CR-110 |
| | § | (Judge Davis) |
| SCOTT MARTIN | § | |

## NOTICE OF PENALTY

### Count One

| | |
|---|---|
| Violation: | 18 U.S.C. § 1341 (Mail Fraud) |
| Penalty: | Imprisonment for not more than 20 years; a fine of not more than $250,000; and a term of supervised release of not more than three (3) years. |
| Special Assessment: | $100.00 |